IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 22–cv–02067–NYW–MDB

ANDRE' DWAYNE REED, SR.

    Plaintiff,

v.

SHERIFF BILL ELDER
ELIZABETH O'NEIL, Head of Classification, El Paso County Criminal Justice Center ("EPJC")
RAVENCAMP**,** Deputy, Disciplinary Hearing Officer,
MICHAEL MCHENRY, JUDGE, 21st District, 4th Judicial Court

    Defendants.

## ORDER

Before the Court is Plaintiff's "Motion to Appoint[ ]Counsel." (["Motion"], Doc. No. 31.) After carefully considering the Motion the court has determined that the interests of justice do not warrant the appointment of counsel. For the following reasons, the Motion to Appoint Pro Bono Counsel is **DENIED**.

### PRO SE SUMMARY

At this time, the Court is denying your request for pro bono counsel. It is too early in the case and there are not enough facts and circumstances to warrant appointment at this time. However, the denial is without prejudice, which means you can file another motion to appoint counsel at a later date, after this case has progressed beyond these early stages. This is only a high-level summary of the Court's decision. The Court's full decision is set forth below.

1

## BACKGROUND

Plaintiff initiated this case on June 21, 2022, by filing a Prisoner Complaint. (Doc. No. 1.) Plaintiff then filed an Amended Complaint on November 1, 2022. (Doc. No. 17.) In his Amended Complaint, Plaintiff brings claims for violations of his Eighth, Sixth, and First Amendment rights as well as claims under various federal and Colorado statutes. (Doc. No. 17 at 6-14.) On November 16, 2022, the Honorable Gordon P. Gallagher directed Plaintiff to file a Second Amended Complaint by December 16, 2022. (Doc. No. 19.) Plaintiff failed to comply with Judge Gallagher's order and the Amended Complaint remains the operative Complaint in this matter.

Plaintiff did, however, file this Motion on February 14, 2023. (Doc. No. 31.) Plaintiff seeks appointment of counsel for general representation. (*Id.*) In the Motion, Plaintiff asserts his status as unemployed and a "100% [d]isabled veteran with PTSD and many other disabilities." (*Id.* at 1.) Plaintiff contends he does not have the ability to represent himself or the funds to hire an attorney. (*Id.*)

On July 11, 2023, this Court held a Status Conference to discuss Plaintiff's failure to file a Second Amended Complaint. (Doc. No. 42.) During the Conference, the Court extended Plaintiff's deadline to file a Second Amended Complaint to September 12, 2023, but warned Plaintiff that failure to comply with the Court's deadline would result in a recommendation that the case be dismissed. (*Id.*)

## DISCUSSION

The determination as to whether to appoint counsel in a civil case is left to the sound discretion of the district court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995); *see Vasquez v. United States Office of Pers. Mgmt.*, 847 F. Supp. 848 (D. Colo. 1994) ("No Circuit

Court has offered significant guidance for a situation that falls between a patently undeserving claim, in which counsel obviously should be denied, and a clearly meritorious claim, in which counsel obviously should be appointed.") (quoting *Poindexter v. F.B.I.*, 238 U.S. App. D.C. 26, 737 F.2d 1173, 1187 (D.C. Cir. 1984)). The Court does not have the power to appoint an attorney without his or her consent, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989). Instead, the court can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (unpublished) (citing *Rachel v. Troutt*, 820 F.3d 390, 396-97 (10th Cir. 2016)).

In making a determination, the Court must "give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel." *Id.* (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). Those factors include: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Id.* (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy*, 753 F.2d at 838). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (quoting McCarthy, 753 F.2d at 839).

Pursuant to the Local Rules of Practice of the United States District Court for the District of Colorado-Attorney, the following unrepresented parties are eligible for the appointment of *pro bono* counsel: 1) a party who has been granted leave to proceed *in forma pauperis* under 28

3

U.S.C. § 1915; (2) an unrepresented prisoner; and (3) a non-prisoner, unrepresented party who demonstrates limited financial means. D.C.COLO.LAttyR 15(e).

In addition to eligibility, the court applies the following factors and considerations to evaluate a motion for the appointment of counsel in a civil case: (1) the nature and complexity of the action; (2) the potential merit of the *pro se* party's claims; (3) the demonstrated inability of the unrepresented party to retain an attorney by other means; and (4) the degree to which the interests of justice will be served by the appointment of counsel, including the benefit the court may derive from the assistance of the appointed counsel. D.C.COLO.LAttyR 15(f)(1)(B); *see also Rucks,* 57 F.3d at 979 (providing factors that the court should consider in determining whether to appoint pro bono counsel). There may also exist special circumstances, such as a disability, that warrant the appointment of counsel. *See McCarthy*, 753 at 837.

Upon review of Plaintiff's Motion, the docket, and the relevant factors, the Court cannot conclude that appointment of counsel is warranted at this time. First, while Plaintiff's financial hardship may make him eligible for appointment, it—in and of itself—does not merit appointment of volunteer counsel. Second, although the Court acknowledges Plaintiff's own statements that he suffers from physical and mental ailments and that assistance of counsel may help Plaintiff in litigating his claims, such circumstances are unfortunately not unique. *See Rucks*, 57 F.3d at 979 ("While we do not quarrel with [Plaintiff's] assertion that having counsel appointed would have assisted him in presenting his strongest possible case, the same could be said in any case."). Finally, the Court notes that Plaintiff has demonstrated at least some ability to frame facts and present his claims (*see* Doc. No. 17), and that he can advocate for himself by filing numerous documents in this case.

Additionally, the Court notes the early procedural posture of this case. Plaintiff is still in the process of amending his operative Complaint, and it remains to be seen whether he will comply with the Court's deadline. In light of this, the Court finds Plaintiff's Motion premature. However, should circumstances change as this case progresses, Plaintiff may file a motion requesting counsel at that time. *See, e.g.*, *Hill v. SER Jobs for Progress National, Inc.*, No. 19-cv-1851-MDB, Doc. No. 74 at 2 (D. Colo. Oct. 3, 2022) (finding that the "interests of justice support the appointment of counsel for trial preparations and for the trial itself").

Plaintiff is reminded that the Court will consider his lack of legal representation when reviewing his filings. Though the Court applies the same procedural rules, legal standards, and substantive law to Plaintiff as it does to a represented party, it "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys," *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).

## CONCLUSION

Accordingly, it is

**ORDERED** that the "Motion to Appoint[ ] Counsel." (Doc. No. 31) is **DENIED** without prejudice. The Clerk of Court is directed to mail a copy of this Order to Plaintiff:

Andre Dwayne Reed, Sr.
#0337523
4403 Excursion Drive
Colorado Springs, CO 80911

Dated this 3rd day of August, 2023.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge