**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 22-cv-02067-NYW-MDB

ANDRE D. REED, SR.,

      Plaintiff,

v.

BILL ELDER,
JUDGE MICHAEL MCHENRY,
ELIZABETH O'NEIL,
DEPUTY DRAPER,
DEPUTY RAVENKAMP,
SHAWN WITKUS,
NICOLE FRAHM,
MARK STEVENS,
MICHAEL J. ALLEN,
MICHELLE REED,
EL PASO SHERIFF'S OFFICE SWAT TEAM/DEPUTIES ESPO,
KAREN CASEY PARROT,
ZACHARY MARGURITE,
BRIAN NULK,
MACKENZIE N. BOYNE,
KATIE GASSETT,
SCOTT ROBBLEE,
BRANDON HALL,
KYLE SHELHAMER,
CAMERON KOMROFSKE,
STEVEN J. PADDACK,
ANDREW PEERY,
MATTHEW P. GAW,
OWEN MCCORMACK,
PAUL MYNATT,
MARCUS MILLER,
SPENCER STRINGHAM,
SCOTT S. BRETTELL,
KATHRYN J. OTTO,
JONATHAN PENNINGTON,
CHRISTOPHER DONATELL,
TRAVIS MUNDT,
RONNIE HANCOCK,
BRENDEN KOEHLINGER,

RYAN M. GONZALES,
SETH T. FRITSCHE,
JASON T. GARRETT,
SHARON TRIVETTE,
WILLIAM H. PROCTOR,
MICHAEL ST. CHARLES,
CHRISTOPHER GONZALEZ,
EVELYN R. PEAK,
HENRY CRIST,
MICHAEL BAIER,
C. EVANS,
PSWAT L2,
PSWAT,
PSWAT 17,
PSWAT 1,
PSWAT 3,
PSWAT Z6,
PSWAT 5,
PSWAT 8,
PSWAT 14,
PSWAT 4,
PSWAT ??,
PSWAT Z7,
PSWAT Z2,
PSWAT Z21,
PSWAT Z4,
PSWAT Z18, and
PSWAT Z5,

       Defendants.

---

# ORDER

---

This matter is before the Court on Plaintiff's Objection to El Paso County Defendants' Motion to Dismiss Plaintiff's Amended Complaint "Motion" Doc. No. 64, Reply Doc No 75 and Sur-Reply (Doc Nos 76; 77). [Doc. 88]. In this filing, Plaintiff Andre D. Reed, Sr. ("Plaintiff" or "Mr. Reed") states that he is "objecting to the dismissal of 22-cv-02067-NYW-MDB." [*Id.* at 2].

Judge Dominguez Braswell issued her Recommendation on August 19, 2024.

[Doc. 81].  The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the Parties.  [*Id*. at 27–28]; *see also* 28 U.S.C. § 636(b)(1)(C).  The Recommendation was served on August 19, 2024.  *See* [Doc. 81 at 28]; Fed. R. Civ. P. 5(b)(2)(C).  Thus, given the fourteen-day window to file objections, the consideration of Labor Day on September 2, 2024, and adding the three-day period of time permitted by Rule 6(d), *see* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made [by mail], . . . 3 days are added after the period would otherwise expire under Rule 6(a)."); *see also* Fed. R. Civ. P. 6(a)(1)(C) ("When the period is stated in days or a longer unit of time . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"), Plaintiff's objections were due by September 6, 2024.[1]  Having received no objections from any Party, this Court entered an Order Adopting Magistrate Judge's Recommendation on September 11, 2024.  *See* [Doc. 84].

A day later, Plaintiff's objections were docketed on September 12, 2024.[2]  *See*

---

[1] The Court acknowledges Plaintiff's representation that he received a copy of Judge Dominguez Braswell's Recommendation on Saturday, August 24, 2024.  [Doc. 88 at 3].  However, this does not change the due date of his objections.  The Recommendation was mailed to Plaintiff on August 19, 2024, *see* [Doc. 81 at 28], and the Recommendation states that objections are due "[w]ithin fourteen days after service of a copy of the Recommendation," [*id.* at 27].  Under the Federal Rules of Civil procedure, "service is complete upon mailing."  Fed. R. Civ. P. 5(b)(2)(C); *see also Elec. Workers Loc. 369 Benefit Fund v. Churchman Elec. & Techs., LLC*, No. 3:19-cv-00652-DJH-CHL, 2022 WL 2405366, at *1 n.1 (W.D. Ky. Mar. 4, 2022) (concluding that, under Rule 5, "[t]he defendants were . . . served for purposes § 636(b)(1)(C) and Rule 72(b)(2) when Judge Lindsay's Report and Recommendation was mailed to them on January 20, 2022.").  Accordingly, Plaintiff's objections were due September 6, 2024, notwithstanding the date he received them.

[2] Given the timing and substance of the objections, this Court construes them as challenges to Judge Dominguez Braswell's Recommendation, not to this Court's Order

[Doc. 88 at 1].  The objections are not signed by Plaintiff or dated.  *See generally* [*id.*].

The envelope in which the objections were mailed shows a postmark date of September

10, 2024.  [*Id.* at 23].

Under the "prison mailbox rule," a document is considered filed on "the date it is

given to prison authorities for mailing to the court."  *Price v. Philpot*, 420 F.3d 1158, 1165

(10th Cir. 2005).  In order for this rule to apply, "The inmate must attest that such a timely

filing was made and has the burden of proof on this issue."  *Id.*  A prisoner can show

compliance with the mailbox rule by either "(1) alleging and proving that he or she made

timely use of the prison's legal mail system if a satisfactory system is available," or "(2) if

a legal system is not available, then by timely use of the prison's regular mail system in

combination with a notarized statement or a declaration under penalty of perjury of the

date on which the documents were given to prison authorities and attesting that postage

was prepaid."  *Id.* at 1166.

Plaintiff's objections do not satisfy these requirements.  It is unclear to the Court

whether Plaintiff used his facility's legal mail system, and Plaintiff does not include any

declaration or statement representing the date he gave his filing to prison authorities or

attesting that postage was prepaid.  *See* [Doc. 88].  Plaintiff's objections were thus

untimely and do not present an opportunity for de novo review.  *See Licerio v. Lamb*, No.

21-1375, 2022 WL 4100400, at *2 (10th Cir. Sept. 8, 2022) (concluding that, where the

pro se plaintiff "failed to show compliance with the prison-mailbox rule, his objections were

filed when the district court received them"); *United States v. One Parcel of Real Property*,

73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's

---

adopting the Recommendation that was issued on September 11, 2024.

report and recommendation *must be both timely and specific* to preserve an issue for de novo review by the district court or for appellate review." (emphasis added)).

However, mindful that Plaintiff is a pro se prisoner litigant, the Court will construe his objections as a motion for reconsideration and will briefly consider the merits of Plaintiff's arguments.

The Federal Rules of Civil Procedure do not expressly contemplate motions for reconsideration. *Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995). However, motions for reconsideration fall within the Court's "plenary power to revisit and amend interlocutory orders as justice requires." *Pittman v. Long*, No. 23-cv-00291-PAB, 2024 WL 415461, at *2 (D. Colo. Feb. 5, 2024). Courts typically grant motions for reconsideration based on "(1) an intervening change in controlling law, (2) new evidence previously unavailable," or "(3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is not an appropriate vehicle "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Plaintiff has not demonstrated that reconsideration of the Court's Order is warranted. In his objections, Plaintiff largely reiterates his factual allegations and makes arguments in support of the merits of his claims. *See* [Doc. 88 at 3–15]. However, these arguments do not point out any specific error in Judge Dominguez Braswell's Recommendation or this Court's Order adopting that Recommendation, and Plaintiff does not otherwise demonstrate that reconsideration is warranted due to an intervening change in the law, new evidence, or the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete*, 204 F.3d at 1012.

As for Plaintiff's more specific arguments, these contentions are similarly insufficient to warrant reconsideration.  For example, Plaintiff argues, in the context of his First Amendment claim, "improper classification" claim, and his claim based on the alleged fraudulent submission of a VA form, that "[a]ll three prongs of *Monell* have been met for municipal liability."  [Doc. 88 at 16–17, 20].[3]  But these conclusory statements are not supported by meaningful argument explaining why Judge Dominguez Braswell erred in concluding that Plaintiff "does not allege a custom or policy of the kind required for *Monell* liability."  *See* [Doc. 81 at 25–26].  Plaintiff raises this same argument with respect to his excessive force claim, *see* [Doc. 88 at 19], and in support, asserts *new* allegations about Defendant Draper's training and/or other similar violations within the El Paso County Sheriff's Office, *see* [*id.*].  But these allegations are not included in the Second Amended Complaint in support of Plaintiff's excessive force claim, *see* [Doc. 48 at 17–18], and Plaintiff cannot amend his pleading by asserting new allegations in his objections, *see Wilson v. Jenks*, No. 12-cv-02495-RM-KMT, 2014 WL 6515336, at *4 (D. Colo. Nov. 20, 2014).

Plaintiff also asserts that *Younger* abstention is not appropriate because he has not been afforded an adequate opportunity to raise his constitutional claims in state court. *See* [Doc. 88 at 2–3].[4]  *Younger* abstention applies to "three categories of state cases:

---

[3] To adequately allege municipal liability under *Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978), a plaintiff must allege facts showing "(1) an official policy or custom (2) caused the plaintiff's constitutional injury and (3) that the municipality enacted or maintained that policy with deliberate indifference to the risk of that injury occurring."  *George ex rel. Bradshaw v. Beaver Cnty. ex rel. Beaver Cnty. Bd. of Comm'rs*, 32 F.4th 1246, 1253 (10th Cir. 2022).

[4] Plaintiff also references the *Rooker-Feldman* doctrine, *see* [Doc. 88 at 2], but his argument does not challenge the application of the *Rooker-Feldman* doctrine to his claims in this case, addressing only considerations for application of *Younger* abstention, *see*

(1) 'state criminal prosecutions,' (2) 'civil enforcement proceedings,' and (3) 'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 670 (10th Cir. 2020) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013)).  To decide whether *Younger* abstention is appropriate, courts consider whether the federal proceedings would "(1) interfere with an ongoing state judicial proceeding (2) that implicates important state interests and (3) that affords an adequate opportunity to raise the federal claims." *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1291 (10th Cir. 1999).  "[S]tate courts are the proper forum for resolving federal issues which arise in those courts," *Marshall v. Dupree*, No. 08-cv-00561-LTB-KLM, 2008 WL 2751343, at *6 (D. Colo. July 11, 2008), and "it is beyond cavil that a state court is an adequate forum for the resolution of challenges to distinctly state prosecutorial or court procedures or processes," *Goings v. Sumner Cnty. Dist. Attorney's Off.*, 571 F. App'x 634, 638 (10th Cir. 2014).

Plaintiff did not argue in his Response to the Motion to Dismiss that *Younger* abstention was inappropriate because he lacked an opportunity to raise his claims in state court.  *See generally* [Doc. 71].  He thus cannot raise this argument for the first time in an objection or in a motion for reconsideration.  *See Servants of the Paraclete*, 204 F.3d at 1012; *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

Reviewing the record as a whole, Plaintiff has not demonstrated any error in Judge

---

[*id.* at 2–3].

Dominguez Braswell's Recommendation,[5] and the Court sees no reason to revisit its prior Order.  For these reasons, the Court concludes that Plaintiff's objections are respectfully **OVERRULED** and reconsideration is not warranted.

Accordingly, it is **ORDERED** that:

(1)    Plaintiff's Objection to El Paso County Defendants' Motion to Dismiss Plaintiff's Amended Complaint "Motion" Doc. No. 64, Reply Doc No 75 and Sur-Reply (Doc Nos 76; 77) [Doc. 88] is **OVERRULED**; and

(2)    A copy of this Order shall be sent to:

Andre' Dwayne Reed, Sr.
#A0337523
El Paso County Criminal Justice Center
2739 East Las Vegas Street
Colorado Springs, CO 80906

DATED:  September 16, 2024                    BY THE COURT:

Nina Y. Wang
United States District Judge

---

[5] Indeed, even if the Court were to review the Recommendation de novo, it would reach the same conclusion.