**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 22-cv-02067-NYW-MDB

ANDRE' D. REED, SR.,

    Plaintiff,

v.

BILL ELDER,
JUDGE MICHAEL MCHENRY,
ELIZABETH O'NEIL,
DEPUTY DRAPER,
DEPUTY RAVENKAMP,
SHAWN WITKUS,
NICOLE FRAHM,
MARK STEVENS,
MICHAEL J. ALLEN,
MICHELLE REED,
EL PASO SHERIFF'S OFFICE SWAT TEAM/DEPUTIES ESPO,
KAREN CASEY PARROT,
ZACHARY MARGURITE,
BRIAN NULK,
MACKENZIE N. BOYNE,
KATIE GASSETT,
SCOTT ROBBLEE,
BRANDON HALL,
KYLE SHELHAMER,
CAMERON KOMROFSKE,
STEVEN J. PADDACK,
ANDREW PEERY,
MATTHEW P. GAW,
OWEN MCCORMACK,
PAUL MYNATT,
MARCUS MILLER,
SPENCER STRINGHAM,
SCOTT S. BRETTELL,
KATHRYN J. OTTO,
JONATHAN PENNINGTON,
CHRISTOPHER DONATELL,
TRAVIS MUNDT,
RONNIE HANCOCK,
BRENDEN KOEHLINGER,

RYAN M. GONZALES,
SETH T. FRITSCHE,
JASON T. GARRETT,
SHARON TRIVETTE,
WILLIAM H. PROCTOR,
MICHAEL ST. CHARLES,
CHRISTOPHER GONZALEZ,
EVELYN R. PEAK,
HENRY CRIST,
MICHAEL BAIER,
C. EVANS,
PSWAT L2,
PSWAT,
PSWAT 17,
PSWAT 1,
PSWAT 3,
PSWAT Z6,
PSWAT 5,
PSWAT 8,
PSWAT 14,
PSWAT 4,
PSWAT ??,
PSWAT Z7,
PSWAT Z2,
PSWAT Z21,
PSWAT Z4,
PSWAT Z18, and
PSWAT Z5,

     Defendants.

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge issued by the Honorable Maritza Dominguez Braswell on May 14, 2025. [Doc. 104]. Judge Dominguez Braswell recommends that The State Judicial Defendants' Motion to Dismiss for Improper Service Under F.R.C.P. 4 and 12(b)(5) (the "Motion to Dismiss"), [Doc. 98], be granted and that Plaintiff's claims against the State Judicial

2

Defendants[1] be dismissed, [Doc. 104 at 1–2]. Plaintiff Andre' D. Reed, Sr. ("Plaintiff" or "Mr. Reed") has objected to the Recommendation, [Doc. 105], and the State Judicial Defendants have responded, [Doc. 109]. For the reasons set forth herein, Plaintiff's objections are respectfully **OVERRULED** and Judge Dominguez Braswell's Recommendation is **ADOPTED**.

## LEGAL STANDARDS

### I.   Rule 72(b)

A district court may refer a dispositive motion to a magistrate judge for recommendation. 28 U.S.C. § 636(b)(1)(B). The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (quotation omitted).

### II.   Rule 12(b)(5)

Rule 12(b)(5) permits a party to move for dismissal of a case due to "insufficient service of process." Fed. R. Civ. P. 12(b)(5). "A Rule 12(b)(5) motion challenges the mode or lack of delivery of a summons and complaint." *Gallan v. Bloom Bus. Jets, LLC*, 480 F. Supp. 3d 1173, 1178 (D. Colo. 2020) (cleaned up). When a defendant challenges

---

[1] "State Judicial Defendants" refers to Judge Michael McHenry, Magistrate Shawn Witkus, and Magistrate Karen Casey Parrott.

3

the sufficiency of service, the plaintiff "bears the burden of making a prima facie case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over the defendant."  *Sarnella v. Kuhns*, No. 17-cv-02126-WYD-STV, 2018 WL 1444210, at *1 (D. Colo. Mar. 23, 2018) (quotation omitted).

### III.     Pro Se Filings

Pro se filings are entitled to liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).  But the Court cannot and does not act as a pro se litigant's advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to pro se parties as to represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## BACKGROUND

The Court's recitation of the background of this case is limited to the facts relevant to resolve Mr. Reed's objections.  Mr. Reed initiated this case on July 20, 2022, [Doc. 1], and he filed an Amended Complaint on November 1, 2022, [Doc. 17].  His Amended Complaint named Judge McHenry and Magistrate Witkus as Defendants, but it did not name Magistrate Parrott.  *See* [*id.* at 1].

On February 27, 2023, Mr. Reed filed purported affidavits of service with respect to Judge McHenry and Magistrate Witkus, [Doc. 38], but that same day, the El Paso County Attorney's Office filed a notice stating:  "On February 24, 2023, County Attorney, Kenny[] Hodges, inadvertently accepted the hand delivered Amended Complaint and Summons for Defendants Magistrate Shawn Witkus and Judge Michael McHenry.  The El Paso County Attorney's Office is not the proper entity for service on these Defendants."

4

[Doc. 39 at 1–2]. Mr. Reed subsequently filed a Second Amended Complaint on September 13, 2023, [Doc. 48], which named Magistrate Parrott as a Defendant, in addition to Judge McHenry and Magistrate Witkus. [*Id.* at 1]. However, there were no further steps taken by Plaintiff to serve the Second Amended Complaint on any of the State Judicial Defendants.[2]

On August 22, 2024, Judge Dominguez Braswell issued an Order to Show Cause directing Plaintiff to show cause why his claims against the State Judicial Defendants should not be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure. [Doc. 82]. Plaintiff responded by referencing the prior affidavits of service for Judge McHenry and Magistrate Witkus and asked that the Clerk of Court send him the "proper documents" to serve Magistrate Parrott. [Doc. 83 at 1–3]. Judge Dominguez Braswell subsequently issued a Minute Order detailing the ineffective attempt at service on Judge McHenry and Magistrate Witkus, explaining that Plaintiff had not received service documents for Magistrate Parrott because he had not requested them, and extending Plaintiff's service deadline to November 12, 2024. *See* [Doc. 93]. Judge Dominguez Braswell also construed Plaintiff's request for "proper documents" as a request for a summons directed the Clerk of Court to send Plaintiff a summons for Magistrate Parrott. [*Id.* at 2–3]. Judge Dominguez Braswell warned Plaintiff that the failure to serve the State Judicial Defendants would result in a recommendation of dismissal as to those Defendants. [*Id.* at 3].

---

[2] Plaintiff does not proceed in forma pauperis under 28 U.S.C. § 1915. Accordingly, § 1915(d) does not obligate the Court to issue and serve process through the United States Marshals Service. *See Freeman v. Raytheon Techs. Corp.*, No. 22-cv-01161-RM-NYW, 2022 WL 1984163, at *2 (D. Colo. June 6, 2022).

Mr. Reed filed affidavits of service as to the State Judicial Defendants on November 12, 2024, indicating that these Defendants were served via the Fourth Judicial District Clerk of Court on October 25, 2024. [Doc. 97]. However, on November 14, 2024, the State Judicial Defendants filed the instant Motion to Dismiss. [Doc. 98]. They argue that dismissal is appropriate under Rule 12(b)(5) because Mr. Reed served only summonses, not his Second Amended Complaint, on the State Judicial Defendants. [*Id.* at 4].

Judge Dominguez Braswell recommends that the Motion to Dismiss be granted. [Doc. 104]. She specifically concludes that there is no good cause to permit Plaintiff another extension of her service deadline, observing that Plaintiff must comply with the Federal Rules of Civil Procedure and finding that Plaintiff's failure to serve copies of his pleading "is a meaningful defect under Rule 4." [*Id.* at 8–9]. As she explains, "[e]very litigant has a responsibility to inform him or herself of the applicable rules, and a party's *pro se* status does not absolve them of that obligation." [*Id.* at 9]. Mr. Reed objects to Judge Dominguez Braswell's Recommendation. *See* [Doc. 105].

**ANALYSIS**

In his objections, Plaintiff argues that he "should be afforded the opportunity of a final attempt to properly serve" the State Judicial Defendants." [*Id.* at 2]. He argues that the Clerk of Court did not provide him copies of his pleading to serve alongside the issued summonses, so the Clerk of Court did not provide "proper documentation" to permit him to effect service. [*Id.* at 3–4]. He asserts that the Clerk of Court has "significantly contributed [to] this process of improper service by not issuing 'proper documents' for service." [*Id.* at 4]. He also mentions that he is in custody, which makes it difficult for him

6

to ensure proper service. [*Id.* at 5].

The Court is respectfully unpersuaded by Plaintiff's arguments. As a preliminary matter, Mr. Reed does not identify any particular error in Judge Dominguez Braswell's Recommendation. *See generally* [*id.*]. Plaintiff's objections are therefore insufficient to present any issue to the Court for de novo review. *See Vester v. Asset Acceptance, L.L.C.*, No. 08-cv-01957-MSK-LTM, 2009 WL 2940218, at *8 (D. Colo. Sept. 9, 2009) ("[I]t is necessary for a party objecting to a recommendation to identify the particular factual or legal error committed by the Magistrate Judge, allowing the District Court to focus on that issue and correct it if necessary."); *Jones v. United States*, No. 22-cv-02854-PAB-MDB, 2024 WL 358098, at *3 (D. Colo. Jan. 31, 2024) (explaining that an objection that "disputes only the correctness of the recommendation" but "does not point to any specific errors made by" the magistrate judge is insufficient).[3]

Even considering Plaintiff's argument that he should be given one last extension of time to serve, the Court cannot conclude that Plaintiff has demonstrated an entitlement to the relief he seeks. Rule 4 is clear that "[a] summons <u>must be served with a copy of the complaint</u>." Fed. R. Civ. P. 4(c)(1) (emphasis added). Plaintiff's pro se status or formerly detained status[4] does not eliminate his obligation to comply with the clear requirements of Rule 4. *See Dona't v. Amazon.com/Kindle*, 482 F. Supp. 3d 1137, 1144

---

[3] To the extent Plaintiff takes issue with the lack of notice provided to him that the 2023 attempt at service was ineffective, *see, e.g.*, [Doc. 105 at 2], this does not amount to an objection to Judge Dominguez Braswell's Recommendation. *See Jones*, 2024 WL 358098, at *3. Moreover, any lack of notice does not change the fact that Plaintiff's most recent attempt at serving the State Judicial Defendants was deficient, which is the focus of Judge Dominguez Braswell's Recommendation. [Doc. 104].

[4] Mr. Reed filed a Notice of Change of Address on June 30, 2025, which suggests that he has been released from custody. *See* [Doc. 110].

7

(D. Colo. 2020) ("[E]ven though Plaintiff is a *pro se* inmate, proceeding *in forma pauperis*, he must still comply with the same rules of procedure governing other litigants, including Rule 4."); *Murray*, 312 F.3d at 1199 n.3.  Indeed, Plaintiff was given a copy of Rule 4 at the beginning of this case.  *See* [Doc. 30-3].

Rule 4 also provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."  Fed. R. Civ. P. 4(c)(1) (emphasis added).  To the extent Mr. Reed attributes the ineffective service to the Clerk's Office, Plaintiff did not specifically request a copy of his Second Amended Complaint in his response to Judge Dominguez Braswell's show cause order, *see* [Doc. 92], and it is not the typical practice of this Court or the Clerk's Office to deliver a party a copy of their pleading when issuing a summons, *see Birman v. Berkebile*, No. 14-cv-00376-KLM, 2014 WL 4783611, at *1 (D. Colo. Sept. 25, 2014) ("[I]t is not the job of the Court or the Clerk of Court to provide copies of the docket or old filings to Plaintiff.").  Accordingly, the Clerk of Court was not required to sua sponte provide Plaintiff a copy of his Second Amended Complaint to permit Plaintiff to effectuate service.

Finally, to the extent Plaintiff relies on the state case of *Fletcher v. District Court* for the proposition that "mere failure to obtain proper service does not warrant dismissal of the cause of action," *see* 322 P.2d 96, 97 (Colo. 1958); *see also* [Doc. 105 at 5], this authority is not applicable to this federal case and may no longer be good law.[5]

---

[5] The *Fletcher* case was decided decades before the issuance of Rule 4(m) of the Colorado Rules of Civil Procedure, which states that "[i]f a defendant is not served within 63 days (nine weeks) after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—shall dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Colo. R. Civ. P. 4(m).

8

In sum, Plaintiff has not identified any error in Judge Dominguez Braswell's Recommendation. As for Defendant's request for an additional extension of time to complete service on the State Judicial Defendants, the Court respectfully agrees with Judge Dominguez Braswell that there is no good cause to permit another extension. While the Court acknowledges the difficulties that are inherent in litigating a case pro se and/or while incarcerated, Plaintiff is nevertheless required to comply with the Federal Rules of Civil Procedure, *Murray*, 312 F.3d at 1199 n.3, and Plaintiff has not completed proper service on the State Judicial Defendants in the years since he initiated this case. Accordingly, Plaintiff's objections are respectfully **OVERRULED**; the Recommendation is **ADOPTED**; and the Motion to Dismiss is **GRANTED**.

## CONCLUSION

For the reasons set forth above, it is **ORDERED** that:

(1) Plaintiff's Objection to Recommendation of United States Magistrate Judge [Doc. 105] is **OVERRULED**;

(2) The State Judicial Defendants' Motion to Dismiss for Improper Service Under F.R.C.P. 4 and 12(b)(5) [Doc. 98] is **GRANTED**;

(3) Plaintiff's claims against Judge McHenry, Magistrate Witkus, and Magistrate Parrott are **DISMISSED without prejudice** for failure to effect proper service under Rule 12(b)(5); and

  (4) A copy of this Order shall be sent to:

>Andre' D. Reed, Sr.
>4403 Excursion Drive
>Colorado Springs, CO 80911

DATED:  September 8, 2025      BY THE COURT:

                  _____
                  Nina Y. Wang
                  United States District Judge